IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                                    **CAUSE NO.  A-10-CR-124(21)-SS**

**ROBERT ANTHONY INZANO**
_____

# O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in this case and specifically Defendant Robert Inzano ("Inzano")'s Second Motion to Continue Trial [#528].  Having considered the motion, the case file as a whole, and the relevant law, the Court DENIES Inzano's motion.

## Background

Defendant Robert Inzano was charged by superseding indictment on July 20, 2010 with: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); and (2) conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h).  Superseding Indict. [#344].  Inzano filed a Motion to Suppress on August 12, 2010.  Inzano filed his first Motion to Continue Trial Setting on August 26, 2010.  The Court denied both motions in an Order [#520] on September 2, 2010.  Inzano filed his Second Motion to Continue Trial on September 8, 2010.

## Analysis

Inzano repeats his request for a continuance because his counsel has been unable to review all of the discovery produced by the government, anticipates being unable to do so by the time of trial, and, because even if he is able to review it all, he will have insufficient time to "meaningfully digest it for effective use in advance of trial."

In support of his motion, Inzano recites a portion of the large amount of discovery presented to him: more than 20,000 e-mails; approximately 7,500 monitored phone calls; thousands of photographs taken by covert cameras; hours of recorded jail calls; records from mobile phones; and over 500 pages of reports. Def.'s Mot. at 1. Inzano acknowledges the government has "been cooperative and diligent" in meeting its discovery obligations, but notes the bulk of this discovery was tendered after the superseding indictment was returned on July 20, 2010. *Id.* at 1–2. Inzano's counsel Mr. Hennessy indicates he has "misgivings about his ability to adequately advise [his client] on the wisdom of testifying at trial." *Id.* at 2.

The Speedy Trial Act authorizes a judge to grant a continuance in a criminal case if "the ends of justice served by taking such an action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Act also contains a non-exclusive list of factors judges must consider in deciding whether to grant an "ends of justice" continuance: (1) whether failure to grant the continuance would result in a miscarriage of justice; (2) whether the case is exceptionally unusual or complex; (3) delay in the filing of the indictment; and (4) whether failure to grant the continuance would deny the defendant, among other things, "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B). The Court finds none of the factors (1) through (3) are present in this case. Inzano seems to ask the Court to rely on basis (4) alone in granting a continuance. This the Court refuses to do.

The original indictment in this case, which did not charge Inzano, was filed on March 2, 2010. The complaint against Inzano was filed on July 6, 2010. Inzano was arrested, and his counsel Mr. Hennessy filed his initial appearance, on July 9, 2010. Inzano was charged in a superseding indictment on July 20, 2010. Trial is set for September 13, 2010. By this time, Inzano and his lawyer will have had over two months to prepare a defense.

The Court does not doubt Inzano is being candid in describing the volume of discovery the government has produced. However, the Court finds two months is a reasonable time for effective preparation of this case, taking into account the exercise of due diligence. Although the Court's finding does not depend on them, two additional facts underscore the Court's conclusion that Inzano has had sufficient time to prepare by September 13: First, based on representations made in open court by the Assistant U.S. Attorney, a great deal of the evidence presented during discovery has to do with Inzano's twenty co-defendants and not Inzano. Although it will be necessary for Inzano and his lawyer to try and determine what is relevant to Inzano's defense and what is not, they will not have to closely scrutinize most of the evidence tendered. The Court was advised in open court on August 27, 2010 that all discovery in possession of the United States Attorney relating to Inzano had already been delivered to Inzano's counsel. Copies of statements and reports of the witnesses who will testify have already been delivered to defense counsel. Second, the Court notes Inzano is a relative of some of the co-defendants named in the March 2, 2010 indictment. The Court finds it unlikely Inzano's first hint of the government's case against him came with his arrest and indictment in July, 2010. More likely, Inzano has had some knowledge of the thrust of the government's case for over seven months; he should be well equipped to assist his lawyer in sifting through what evidence is relevant and what is not.

Considering the Speedy Trial Act factors above, the time Inzano has had to prepare, and the nature and complexity of the case, the Court once again finds the ends of justice will not be served by continuing the trial setting in this case. This Court has a very heavy docket and is now scheduling civil jury trials for October, 2011 in addition to a crowded criminal docket set for the next two months. Counsel for Inzano has had over two months to prepare for trial with knowledge that trial was set by order for September 13, 2010.

For the foregoing reasons, the Court DENIES Inzano's Second Motion to Continue Trial [#528].[1]

## Conclusion

In accordance with the foregoing,

IT IS ORDERED that Defendant Robert Inzano's Second Motion to Continue Trial [#528] is DENIED.

SIGNED this the 10th day of September 2010.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE

---

[1] Inzano's counsel was orally informed of the order denying his motion on September 9, 2010.